JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Matthew Pipper

**DEFENDANTS**
Scott Schweizer, Erik Ross, Patrick Bannin et al

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cornerstone Legal Group, 230 South Broad Street, 17th Floor, Phila, PA 19102
212-444-2039

Attorneys *(If Known)*
City Law Dept
1515 Arch St, 14th Floor
Philadelphia, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause: Deprivation Civil Rights Under Color of Law

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 626,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 3/31/21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 346 E. Upshal St Phila, PA 19128

Address of Defendant: 1515 Arch St, 14th Floor Phila, PA 19106

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/31/21    *Attorney-at-Law / Pro Se Plaintiff*    310865    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.    Federal Question Cases:**

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. [✓] Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, David Wesley Cornish, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/31/21    *Attorney-at-Law / Pro Se Plaintiff*    310865    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Matthew Pippen            :      CIVIL ACTION
v.       :
Scott Schweizer, Erik Pross, :
& Patrick Banning, et al       NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✓)

3/31/21          David Wesley Cornish          Plaintiff
**Date**          **Attorney-at-law**          **Attorney for**

212-444-2039      212-535-7365      dwesley24@gmail.com
**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02



| | |
|---|---|
| Matthew Pippen,<br>    Plaintiff,<br>    vs.<br><br>Scott Schweizer, Erik Pross, Patrick Banning,<br>Michael Szelagowski, John Doe Officers 1-10,<br>    Defendants. | United States District Court<br>Eastern District of Pennsylvania<br><br><br>Civil Division – Civil Rights<br>Case No.: _____ |

## COMPLAINT

1. Plaintiff Matthew Pippen ("Pippen") via counsel, David Wesley Cornish, Esquire, Complains and states he was injured as follows, and via 42 U.S.C. §§1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction for the state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Matthew Pippen**, an individual and resident of the United States of America, and resident of the Commonwealth of Pennsylvania.

## DEFENDANTS

6. Defendant is Officer **Scott Schweizer**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

7. Defendant is Officer **Erik Pross**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

8. Defendant is Officer **Patrick Banning**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

9. Defendant is Officer **Michael Szelagowski**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

10. Defendant is **John/Jane Doe Officers 1-10**, police officer(s) for the Philadelphia Police Department, who live(s) and reside(s) in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

11. At all relevant times the Defendants acted under the color of law as the municipality of Philadelphia, supervised these municipally employed police officers, while on duty.

12. Plaintiff was arrested by Philadelphia Police Officers in 2018, including the above-name Defendants in relation to a narcotics investigation within the City of Philadelphia.

13. The Plaintiff was arrested and charged with purchase/receipt of narcotics and simple possession in **MC-51-CR-8651-2018**.

14. On April 3, 2019, all charges against the Plaintiff were dismissed in Philadelphia Municipal Court.

15. Plaintiff contends the Defendants lacked probable cause to arrest, detain, and prosecute him as he was not participating in any criminal activity, and had not sold, possessed, nor purchased drugs.

16. Plaintiff was incarcerated due to this arrest.

17. Defendants themselves or at their order had other law enforcement agents physically restrain the Plaintiff with both physical force, handcuffs, locked rooms (jail cells), and other incapacitant devices, in addition to a verbal use of force, to prevent free movement.

18. Defendants themselves or at their order had the Plaintiff removed from the scene for further processing at the Police Department after searching, seizing, detaining, and arresting him.

19. After arresting Plaintiff, Defendant and other law enforcement agents at his direction, completed police paperwork and attested probable cause existed to believe Plaintiff committed a criminal act and both should be criminally charged for violating the law.

20. Defendant and other law enforcement agents at his direction, completed police paperwork regarding this incident and forwarded it to the Philadelphia District Attorney's Office for prosecuting the Plaintiff.

21. Based on the claims made by Defendants, including his observations which were the entire basis for the police paperwork generated, Plaintiff was charged.

22. Plaintiff was arrested, searched, seized, detained, and prosecuted based upon alleged observations by Defendants.

23. Plaintiff avers he was not violating any laws before or at the time he was arrested.

24. Plaintiff never spoke with, interacted, physically touched, nor communicated with in any way, any person trying to buy narcotics, and Plaintiff never possessed any illegal drugs.

25. Plaintiff at no time during this investigation, was participating in criminal activity, nor did he exchange any money or narcotics with any persons.

## PLAINTIFF'S INJURIES

26. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

27. Due to the Defendants actions Plaintiff suffered the following injuries:

    a. Physical discomfort from being handcuffed;

    b. A loss of freedom due to the Defendants arresting him;

    c. A loss of enjoyment and quality of life due to the Defendants actions in restraining, arresting, and prosecuting him which caused physical and psychological injuries;

    d. A loss of employment/business opportunities due to the Defendants actions restraining, arresting, and prosecuting him;

  e. Loss of reputation from the Defendants actions restraining, arresting, and prosecuting;

  f. Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

### COUNT 1 – MALICIOUS PROSECUTION (Pippen v. All Defendants)

28. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

29. Plaintiff avers the Defendants initiated criminal proceedings in the underlying criminal case, against him via arrest, filing a criminal complaint, processing him, and consulting the District Attorney's Office about further charging him.

30. Plaintiff avers these Defendants lacked probable cause, as articulated in the United States Constitution's 4th Amendment and applied to the states via the 14th Amendment, to stop, search, and detain Plaintiff when they first encountered him, and lacked probable cause to arrest him and because these Defendants arrested him, his resulting imprisonment was unjust, illegal, and was the direct and causal reason he was incarcerated.

31. Plaintiff's criminal charges initiated by the Defendants on April 3, 2019, terminated in his favor, when the Municipal Court dismissed all charges.

32. Plaintiff avers the Defendants acted maliciously or for a purpose other than bringing him to justice, as Plaintiff was not committing a crime when he first encountered the Defendants and at no time engaged in any criminal activity.

33. Plaintiff avers because of this criminal proceeding, he suffered a significant deprivation of liberty and freedom spending as he was held in pre-trial incarceration.

34. Further, Plaintiff avers Defendants obscured the District Attorney's Office from making an independent judgment about the merits of prosecution as these Defendants failed to provide materially honest evidence and statements regarding Plaintiff, the evidence observed, and recovered.

35. Plaintiff avers but for the Defendant filing a criminal complaint based on fabricated/non-existent/mistaken evidence he would never have had a criminal case initiated against him.

36. The Defendant directly, foreseeably, legally, and proximately caused Plaintiff to have suffered unjust, unwarranted, and unlawful incarceration, prosecution, and/or will continue to suffer the following damages: Physical injuries including pain and suffering, loss of job/wages opportunities, Public shame and embarrassment, Loss of enjoyment of life, Loss of enjoyment of freedom, and Past and future pain and suffering, extreme inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## PUNITIVE DAMAGES REQUEST

37. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

38. Defendants actions in depriving Plaintiff of his rights, freedoms, privileges, and liberties is so outrageous as to shock the conscience of reasonable persons and shows reckless indifference for the Plaintiffs' rights, especially when there was no reasonable suspicion or probable cause to believe he was committing a criminal act by charging his phone and waiting in the hallway of a public building.

**WHEREFORE**, Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendants, excluding any municipalities, officially, personally, professionally, individually, jointly, and severally.

## JURY DEMAND

39. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination pursuant to the United States Constitutional Amendments V, VI, and XIV.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF PIPPEN**
*DATE*: March 31, 2021

| | | |
|---|---|---|
| Matthew Pippen, | : | **United States District Court** |
| Plaintiff, | : | **Eastern District of Pennsylvania** |
| vs. | : | |
| | : | |
| Scott Schweizer, Erik Pross, Patrick Banning, | : | **Civil Division – Civil Rights** |
| Michael Szelagowski, John Doe Officers 1-10, | : | Case No.: _____ |
| Defendants. | : | |

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties both in Pennsylvania and Federal Court for perjury and unsworn falsification to authorities and/or the tribunal.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF PIPPEN**
*DATE*: March 31, 2021

## VERIFICATION FOR COMPLAINT

I, Matthew Pippen, subject to the penalties of unsworn falsifications and perjury, state I, answered the foregoing, to the best of my knowledge, information, and belief, they are accurate, true and complete. I, verify and make this representation pursuant to the penalties for unsworn falsifications and perjury the foregoing.

*Matthew Pippen*
Signature

Matthew Pippen
Printed Name

Date: