IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW PIPPEN,

Plaintiff,

v.

SCOTT SCHWEIZER, et al.,

Defendants.

CIVIL ACTION
NO. 21-1550

**SLOMSKY, J.**                                             **November 22, 2021**

**OPINION**

## I.   INTRODUCTION

This case arises from the arrest of Matthew Pippen ("Plaintiff") by Philadelphia Police Officers in 2018 during a narcotics investigation.  (Doc. No. 1 at 5.)  He contends here that he was subjected to malicious prosecution, in violation of the Fourth Amendment to the United States Constitution.  (Id. at 7.)   This action was commenced by the filing of a Complaint on April 1, 2021, naming as Defendants the following Officers:  Scott Schweizer, Erik Pross, Patrick Banning, Michael Szelagowski, and John/Jane Doe Officers 1-10 ("Defendants").  (Id. at 4-5.)

On April 29, 2021, Defendants filed a Motion to Dismiss the Complaint.  (Doc. No. 3.) Plaintiff filed a Response in Opposition on May 18, 2021 (Doc. No. 6.) and Defendants filed a Reply (Doc. No. 7).  For reasons set forth below, Defendants' Motion to Dismiss (Doc. No. 6) will be granted, but Plaintiff will be given leave to file an Amended Complaint.

## II.   BACKGROUND

### A.  Factual Background

Sometime in 2018, Plaintiff was arrested by Philadelphia Police Officers in connection to a narcotics investigation.  (Doc. No. 1 at 5.)   He was charged with purchase/receipt of narcotics

and simple possession.  (Id.)  According to Plaintiff, on April 3, 2019, all charges against him were dismissed in Philadelphia Municipal Court.  (Id.)  In his Complaint, he alleges that Defendants "lacked probable cause to arrest, detain, and prosecute him" and that he had "not sold, possessed, nor purchased drugs."  (Id.)  Further, Plaintiff asserts that he was physically restrained and Defendants "completed police paperwork and attested probable cause existed to believe Plaintiff committed a criminal act."  (Id. at 6.)  This paperwork was then forwarded to the Philadelphia District Attorney's Office.  (Id.)  Plaintiff claims, however, he was not violating the law before or after the time of his arrest.  (Id.)  On April 1, 2021, Plaintiff initiated this case, alleging that he was subjected to malicious prosecution and seeking punitive damages.  (Id. at 7-8.)

### B.  Defendants' Motion to Dismiss

Defendants filed a Motion to Dismiss on April 29, 2021.  (Doc. No. 3.)  The gravamen of the Motion is that the Complaint lacks facts to support Plaintiff's claim.  Defendants argue that the Complaint does not allege any facts surrounding Plaintiff's arrest that would show any sort of misconduct or describe how any of Defendants were personally involved in Plaintiff's claim.  (Id. at 6.)  Notably, in a footnote, Defendants point out that the Complaint's "boilerplate and skeleton nature" is identical to two other Complaints filed against the same Defendants in this Court.[1]  (Id. n.2.)  Finally, Defendants assert that, due to the lack of facts in the Complaint, they are not able to adequately respond to Plaintiff's allegations.

Plaintiff filed a Response in Opposition.  (Doc. No. 6.)  He contends that Defendants have not filed their Federal Rule of Civil Procedure 26 disclosures and have not provided any police records.  (Id. at 3.)  Consequently, Plaintiff requests that "this Court order the Defense to provide

---

[1]   See Jenkins v. Schweizer, et al., Civ. No. 21-1548.  See also Lawrence v. Schweizer, et al., Civ. No. 21-1551.

Plaintiff's [sic] with the initial discovery disclosures and that within 7 days of receiving these documents Plaintiff be given a chance to amend his complaint." (Id.)

On May 25, 2021, Defendants filed a Reply. (Doc. No. 7.) In response to Plaintiff's request for discovery, Defendants note that "discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it." (Id. at 3 (quoting Zuk v. E. Pa. Psychiatric Inst. Of the Med. College of Pa., 103 F.3d 294, 299 (3d Cir. 1996)). Essentially, Defendants submit that Plaintiff filed the lawsuit without any factual basis. (Id.)

## III.    STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). As the court explained in Jenkins v. Schweizer:

> [T]he pleadings must contain sufficient factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679. The Third Circuit has held that R. 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief' …. [T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." Phillips, 515 F.3d at 234-35 (quoting R. 8(a)(2)).

2021 WL 3077927 at *2 (E.D. Pa. July 21, 2021).[2]

---

[2]   The complaint in Jenkins was nearly identical to the Complaint filed in this case. In Jenkins, defendants' motion to dismiss was granted because plaintiff did not recite any facts concerning his arrest. Jenkins, 2021 WL 3077927 at *4.

## IV.     ANALYSIS

Plaintiff asserts a malicious prosecution claim against all Defendants.  (Doc. No. 1 at 40).

To prove malicious prosecution under § 1983, a plaintiff must show:

> "1) the defendants initiated a criminal proceeding, 2) the criminal proceeding ended in plaintiff's favor, 3) the proceeding was initiated without probable cause, 4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and 5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."

Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009)(citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).

Here, Plaintiff contends that his charges were dismissed by the Philadelphia Municipal Court and that "Defendants lacked probable cause to arrest, detain, and prosecute him." (Doc. No. 1 at 5.)  However, Plaintiff does not allege any facts regarding his arrest to show that Defendants lacked probable cause.  He fails to provide even the most basic facts, such as the date, time, and location of his arrest.  A plaintiff who "asserts no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of arrests, or on any other factors that might have a bearing on the claims he attempts to raise" will not survive a motion to dismiss.  Jenkins v. City of Philadelphia, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015).  Additionally, Plaintiff has not pled sufficient facts to suggest that Defendants acted maliciously or recklessly to support either his malicious prosecution claim or his request for punitive damages as sought in the Complaint.

In addition, Plaintiff does not allege any facts to show that each Defendant was involved in his arrest and detention.  "A defendant in a civil rights action must have personal involvement in the alleged wrong."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and

acquiescence." Id.  These allegations "must be made with appropriate particularity." Id.  No facts are asserted that show how each Defendants was involved in his arrest or prosecution.  He had "an obligation to state at least his own recollection of the facts of the arrests he challenges." Jenkins, 2021 WL 3077927 at *4.  For all these reasons, Defendants' Motion to Dismiss (Doc. No. 3) will be granted.

Finally, Plaintiff is not entitled at this stage of the case to the discovery he requests in his Response to the Motion to Dismiss.  (See Doc. No. 6.)  A Complaint can be drafted from a plaintiff's own perspective and knowledge.  Jenkins, 2021 WL 3077927 at *4.  And Plaintiff can include facts as he remembers them.  A Complaint is not cured by discovery when it is facially insufficient.  In addition, no conference pursuant to Federal Rule of Civil Procedure 26(f) has been held, which usually initiates discovery in a federal civil case.  Defendants, therefore, are not required to make the disclosures requested by Plaintiff at this time.

## V.    CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss (Doc. No. 3) under Federal Rule of Civil Procedure 12(b)(6).  However, this dismissal will be without prejudice and Plaintiff will be afforded the opportunity to file an Amended Complaint to cure the defects noted above, if he still desires to proceed with this case.  An appropriate Order follows.